SUAU, PLAINTIFF AND APPELLEE, *v.* SAN JUAN SCHOOL BOARD, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action for Rescission of Contract.—Motions to Strike and for Dismissal of Appeal.

No. 2808.—Decided November 10, 1922.

APPEAL — TRANSCRIPT — DISCRETION OF COURT. — Although an appeal may have been filed after the expiration of the time allowed, it should not be dismissed, nor should the transcript of the evidence be stricken out, if the motions for those purposes were served on the appellant after the appeal had been taken. The Act of March 9, 1911, amending' section 299 of the Code of Civil Procedure did not deprive the Supreme Court of its discretional power under Rule 58.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for the appellant.
*Mr. S. Suau* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

On October 21, 1922, the appellee filed a motion for the dismissal of the appeal taken by the defendant-appellant and alleges in support of his motion that the appellant has not complied with the provisions of section 299 of the Code of Civil Procedure, as amended by the Act of March 9, 1911, in relation to Rule 40 of this court, and has violated its Rule 59. He also exhibits a certificate of the clerk of the lower court stating that the judgment appealed from was docketed

on November 16, 1921, that the appeal was taken on December 16, 1921, and that on May 24, 1922, the lower court approved the statement of the case presented by the defendant-appellant.

It is further alleged in the motion that the transcript of the record was filed in this court on October 19, 1922, more than four months after the statement of the case had been approved, almost a month after the expiration of the last extension of time granted by this court for filing the said transcript and after a motion for an extension of time had been overruled because the last extension of time had expired.

On October 26, 1922, the appellee filed another motion to strike out the transcript of the record because it had been filed in this court too late.

Both parties were heard on the two motions and the matter was submitted for consideration and decision.

During the argument it could be observed that the appellee presented to the consideration of the court certain reasons of apparent legal force, but they were not supported by any citations of law or jurisprudence. This would be a sufficient reason for not considering the appellee's motion, for generally attorneys should throw light upon their reasonings by citing jurisprudence in order to facilitate the work of this court, unless their reasonings are clear and self-convincing. It seems, however, that the purpose of the appellee was to attempt to show that Rule 58 of this court had been repealed by the Act of March 9, 1911, amending section 299 of the Code of Civil Procedure, or, in other words, that the expiration of the period of thirty days for filing the transcript of the record in this court would be fatal and this court would have no authority to exercise its discretion in the manner prescribed by said Rule 58. Apart from the fact that this court has disposed of numerous cases by applying Rule 58 and holding it to be in force since the

Act of March 11, 1911, went into effect, there is no question that the jurisprudence of this court has been based upon the control that courts have over cases subject to their jurisdiction pending appeals therein and their authority to fix rules for the conduct of appeals and to exercise sound discretion in applying them according to the circumstances of each case.

An examination of the record shows that one of the reasons why the appellant moved for an extension of time for filing the transcript of the record was the failure of the plaintiff-appellee to present a copy of a certain plan whose original was offered in evidence to be used as an exhibit on appeal. At page 9 of the transcript of the record, in reciting the evidence presented by the plaintiff, the following paragraph is found.

"The said plan was offered and admitted in evidence without objection, the court ordering that it be marked exhibit D; and the said plan being an official document of the department, as stated by the plaintiff, he obligated himself to present a true copy of the said original, the title of which is as follows: Outline of the projected road between the San Antonio and Martín Peña bridges."

Notwithstanding the declarations made by the plaintiff in the said paragraph, the appellant's attorney exhibited an affidavit stating that he had asked the plaintiff for the copy of the plan in order to complete the transcript of the record and the said plaintiff-appellee refused to give it to him on the ground that he was not interested in its inclusion. Without being able to consider the importance of that evidence and this not being the proper time for referring to the merits of the case, it can not be denied that the appellee believed that he was justified in waiting until the plaintiff should deliver the copy of the plan, according to the part quoted from the record, and that was one of his reasons for moving for the different extensions of time for filing the transcript of the record. Under these circum-

stances subdivision 2 of Rule 58 should be. applied rather.. than Rule 59,. inasmuch as when the motion of the plaintiff-appellee for dismissal of the appeal was filed and served the transcript had already been filed in this court. ·

For the foregoing reasons the motion for dismissal of this appeal should be overruled as well as the motion to strike out the transcript of the record.

*Motions overruled.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.